**PARAGRAPH 16 OF THIS ORDER IS DELETED. THE STATUS CONFERENCE WILL BE SET BY THE COURT BY SEPARATE ORDER. LMI**



**ORDERED in the Southern District of Florida on November 25, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SYSTEMONE TECHNOLOGIES, INC., | Case No. 09-32815-LMI |
| Debtor. | |

**ORDER APPROVING AND CONFIRMING PREPACKAGED CHAPTER 11 PLAN OF**
**REORGANIZATION FOR SYSTEMONE TECHNOLOGIES, INC.**

THIS CAUSE came before the Court for hearing on November 25, 2009, to consider approval and confirmation of the Chapter 11 Plan of Reorganization for SystemOne Technologies, Inc. ("**SystemOne**" or "**Debtor**"), dated October 21, 2009 (D.E. # 7) (the "**Plan**").[1] The Court, having considered the Plan, the evidence presented, the Confirmation Affidavit of Paul Mansur (D.E. # 24), the relevant record in this case, the arguments and representations of counsel, and the lack of any objections to confirmation, makes the following findings of fact and conclusions of law:

---

[1] Capitalized terms used and not otherwise defined in this Order shall have the meaning ascribed to them in the Plan.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

A.      The Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The Plan complies with each of the applicable provisions of the Bankruptcy Code, including without limitation the provisions of 11 U.S.C. §§ 1122 and 1123.

C.      As required by 11 U.S.C. § 1129(a)(2), the Proponent has complied with the applicable provisions of the Bankruptcy Code. Without limiting the generality of the foregoing and by way of example, the Proponent has complied with the disclosure and solicitation requirements of 11 U.S.C. §§ 1125 and 1126. Further, the Court finds that the Disclosure Statement contains "adequate information" for purposes of 11 U.S.C. § 1125, and that no further disclosure or solicitation is required by the Proponent in connection with the Plan.

D.      The Plan has been proposed in good faith and not by any means forbidden by law.

E.      Except as provided in the Plan, any payment made or to be made by the Trustee for services or for costs and expenses in or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable.

F.      The identity and affiliations of any person who is to serve as director or officer of the Reorganized Debtor or successor(s) to the Debtor under the Plan on the Effective Date has been fully disclosed, and the appointment of such person to such office, or his/her continuance therein, is equitable and is consistent with the interests of the Holders of Claims and Equity Interests and with public policy.

G.      No governmental regulatory commission now has, or will have after Confirmation of the Plan, jurisdiction over any rates of the Reorganized Debtor, so 11 U.S.C. § 1129(a)(6) does not apply.

H.       With respect to each Impaired Class of Claims or Equity Interests, each Holder of a Claim or Equity Interest of such Class (i) has accepted the Plan or (ii) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

I.       With respect to each Class of Claims, each Class (i) has accepted the Plan or (ii) is not impaired under the Plan; or (iii) is subject to the Court's 1129 Order.

J.       Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect to a Claim of a kind specified in 11 U.S.C. § 507(a)(2), on the Effective Date (or such later date that the Court enters an order allowing such Claim) the Holder of such Claim will receive on account of such Claim Cash equal to the Allowed Amount of such Claim.

K.       Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect to a Class of Claims of a kind specified in 11 U.S.C. § 507(a)(1), (4), (5), (6) and (7), on the Effective Date (or such later date that the Court enters an order allowing such Claim) the Holder of such Claim will receive on account of such Claim Cash equal to the Allowed Amount of such Claim.

L.       Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect to a Claim of a kind specified in 11 U.S.C. § 507(a)(8), on the Effective Date (or such later date that the Court enters an order allowing such Claim) the Holder of such Claim will receive on account of such Claim Cash equal to the Allowed Amount of such Claim.

M.      Other than as provided in the Plan, Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any successor thereto under the Plan.  The Debtor has demonstrated the likelihood that the Reorganized Debtor will be able to meet its financial and other obligations under the Plan and documents ancillary thereto.

N.      All fees payable under 28 U.S.C. § 1930 through the date of entry of this Order have been paid, or shall be paid, by the Debtor as set forth in this Order.

O.      The Debtor has no "retiree benefits" payable pursuant to 11 U.S.C. § 1114, so 11 U.S.C. § 1129(a)(13) does not apply.

P.      The Debtor is not required to pay any "domestic support obligation," so 11 U.S.C. § 1129(a)(14) does not apply.

Q.      The Debtor is not an individual, so 11 U.S.C. § 1129(a)(15) does not apply.

R.      The Debtor is a for-profit commercial corporation, so 11 U.S.C. § 1129(a)(16) does not apply.

S.      With respect to Confirmation of the Plan, all other applicable requirements of 11 U.S.C. § 1129 have been met.

T.      Debtor has proposed modifications to the Plan in response to concerns raised by the U.S. Trustee (D.E. 51).  The proposed modifications improve the treatment of claim holders under the Plan, such that no resolicitation of votes is required.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1.      The Plan, as modified herein, is CONFIRMED and APPROVED in all respects. The Plan and all transactions and agreements referred to therein, contemplated thereunder or executed and delivered in connection therewith are APPROVED in all respects, and the Debtor

and the Reorganized Debtor are AUTHORIZED to execute any and all documents and instruments in connection therewith, implement and consummate any and all transactions contemplated thereunder, and take any and all actions necessary thereunder.

2.      The Plan Modifications are approved, such that Section 6.1 (Release) of the Plan is hereby deleted in its entirety and the Plan shall contain no releases, and Article IV is hereby amended to provide that the holders of Allowed Class 3 Claims shall be paid the full amount of their Allowed Claim, plus interest of .39% (daily starting on the Petition Date), on the Effective Date in full and complete satisfaction of their Allowed Claims.

3.      The Debtor and the Reorganized Debtor shall comply in all respects with the Plan and are directed to fully perform their respective Closing obligations thereunder.

4.      The Plan complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules including, without limitation, 11 U.S.C. §§ 1122, 1123 and 1129.  In the event of any conflict between the terms of the Plan or the Sale Agreement and the terms of this Order, the terms of this Order shall control.

5.      The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The Reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the Reorganized Debtor for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States

Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

6.    All Equity Interests shall be deemed canceled and extinguished as of the Effective Date, and the Debtor is authorized to issue the New Common Stock at Closing and to take all necessary corporate actions on behalf of SystemOne in connection therewith.

7.    As of the Effective Date, and except as otherwise provided in the Plan, the Debtor's rights, title and interest in and to all its property shall vest in the Reorganized Debtor. The Property shall vest in the Reorganized Debtor free and clear of all Claims, liens, Interests and encumbrances, except as otherwise provided under the Plan.

8.    This Court retains jurisdiction of the Chapter 11 Case pursuant to 11 U.S.C. §§ 1127 and 105(a), and for such purposes as set forth in the Plan including, without limitation, jurisdiction to enforce all orders entered in the Chapter 11 Case and to resolve all disputes arising from and under the Plan, through the entry of a final decree in the Chapter 11 Case.

9.    Except as otherwise provided in the Plan or this Order, the rights afforded under the Plan and the treatment of Claims and Equity Interests under the Plan shall be in exchange for, and in complete satisfaction, discharge, and release of, all Claims and Equity Interests, including any interest accrued on Claims from the Petition Date, and the Debtor and the Reorganized Debtor are discharged from any an all debts and/or Claims of any nature whatsoever against, as well as any Equity Interests in, the Debtor that arose prior to the Effective Date, and all debts of the kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not

6

(i) a proof of claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code, or (iii) the Holder of a Claim based on such debt has accepted the Plan. This Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtor and termination of all Interests and other rights of equity security holders in the Debtor, pursuant to Sections 524 and 1141 of the Bankruptcy Code and to the fullest extent permitted thereunder, and such discharge shall void any judgment obtained against the Debtor and the Reorganized Debtor to the extent that such judgment relates to a discharged Claim or Interest.

10.     Except as provided in this Order or the Plan, as of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim or other debt or liability that is discharged or an Equity Interest or other right of an equity security holder that is canceled or terminated pursuant to the terms of the Plan, and any successors, assigns or representatives of any of the foregoing, are permanently precluded and enjoined from taking any of the following actions on account of any such discharged Claims, debts or liabilities, or terminated or canceled Equity Interests or rights:  (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Reorganized Debtor, the Plan Administrator, the Trustee, or the property or assets of any of the foregoing; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor, the Estate, the Reorganized Debtor, or the property or assets of any of the foregoing; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor, the Reorganized Debtor, or the property or assets of any of the foregoing; (d) asserting a right of subordination, setoff, recoupment or counterclaim of any kind against any debt, liability, or obligation due to the Debtor, the Reorganized Debtor, or

7

the property or assets of any of the foregoing; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

11.     After the entry of this Order, the Debtor or Reorganized Debtor may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purposes and effects of the Plan, provided that: (i) either obtains approval of the Bankruptcy Court for such modification after notice and a hearing; and (ii) such modification shall not materially and adversely affect the interests, rights, treatment, or distribution of any Class of Creditors under the Plan.

12.     Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of the Plan, the Plan Documents and this Order, and all other instruments and documents executed and delivered in accordance therewith, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

13.     Pursuant to 11 U.S.C. § 1141(a), the Plan, the Plan Documents and this Order, and all their provisions, shall be binding upon (a) the Debtor and the Reorganized Debtor; and (b) any Holder of a Claim against or Interest in the Debtor, whether or not such Holder is Impaired under the Plan and whether or not such Holder has accepted the Plan.

14.     All prior orders of the Court, if any, allowing, disallowing or otherwise dealing with Claims filed or asserted in the Chapter 11 Case shall remain in full force and effect, and survive the entry of this Order.

15.     Notwithstanding the applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062 or 9014, or otherwise, this Order shall become effective and enforceable immediately upon its entry on the Court docket and no stay shall apply to this Order or any provisions hereof, and

8

the Plan and transactions contemplated thereunder may be consummated immediately after entry of this Order on the Court docket.

16.    The Court shall conduct a post-confirmation status conference in this case at the United States Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1409, Miami, Florida, 33130, before the Honorable Laurel M. Isicoff, on _____, 2009, at ____ a.m./p.m. to determine whether (i) the Plan has been substantially consummated and (ii) the applicable parties have complied with the provisions of this Order.

###

Submitted by:

Luis Salazar, Esq.
GREENBERG TRAURIG, P.A.
Attorneys for Chapter 11 Trustee
1221 Brickell Avenue
Miami, Florida  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

*(Attorney Salazar is directed to serve a conformed copy of this Order on all parties entitled to service and to file with the Court a Certificate of Service).*